**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| JOHN S. PANIAGUAS, KATHY R. PANIAGUAS, WOODROW CORNETT, III, and KRISTINE E. CORNETT,<br>    Plaintiffs,<br><br>        v.<br><br>ALDON COMPANIES, INC.; OFFICERS and DIRECTORS OF ALDON COMPANIES, INC., individually, whose exact identities are unknown; ALDON BUILDERS, INC.; OFFICERS and DIRECTORS OF ALDON BUILDERS, INC., individually, whose exact identities are unknown; BRADLEY A. GOMEZ, individually,<br>    Defendants/Third-Party Plaintiffs,<br><br>        v.<br><br>ENDOR, INC.; OFFICERS and DIRECTORS OF ENDOR, INC.; ENDOR REAL ESTATE SERVICES, INC.; and OFFICERS and DIRECTORS of ENDOR REAL ESTATE SERVICES, INC.,<br>    Third-Party Defendants. | CAUSE NO.: 2:04-CV-468-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment on Third Party Complaint [DE 50], filed by Aldon Companies, Inc., Officers and Directors of Aldon Companies, Inc., Aldon Builders, Inc., Officers and Directors of Aldon Builders, Inc., and Bradley A. Gomez, individually (collectively, "Aldon" or "Aldon Defendants/Third-Party Plaintiffs") on December 29, 2005.  On January 31, 2006, Endor, Inc., Officers and Directors of Endor, Inc., Endor Real Estate Service, Inc., and Officers and Directors of Endor Real Estate Services, Inc. (collectively, "Endor" or "Endor Third-Party Defendants") filed their Memorandum of Law in Support of Third Party Defendants' Response in Opposition to the Aldon Defendants' Motion for Summary Judgment as well as a Statement of Genuine Issues.  On February 7, 2006, Aldon filed its Reply to Third Party

Defendants' Response in Opposition to the Aldon Defendants' Motion for Summary Judgment. For the following reasons, the Court grants in part and denies in part the Aldon Defendants' Motion for Summary Judgment on Third Party Complaint.

## PROCEDURAL BACKGROUND

On November 12, 2004, the Plaintiffs filed a Complaint for Revocation/Rescission of Contract for Violations of the Interstate Land Sales Act against the Aldon Defendants, Endor Third Party Defendants, Bradley A. Gomez, William C. Cunha, Jr., Wade Cunha, Greatbanc Trust Company Trust No. 7832 (under Trust Agreement dated March 6, 1996), and Delores Hatcher, individually. The Complaint alleges that the Defendants violated the Interstate Land Sales Full Disclosure Act ("ILSFDA" or "Act"), 15 U.S.C. § 1701 *et seq*. The Plaintiffs assert that the Defendants violated the Act by: (i) not registering with the Department of Housing and Urban Development, Interstate Land Sales Office, in Washington D.C. as developers in interstate commerce selling and marketing land in a subdivision; (ii) failing to furnish the Plaintiffs with required notices under the Act; (iii) failing to furnish the Plaintiffs with copies of registration statements; (iv) failing to comply with local codes and standards; (v) failing to furnish the Plaintiffs with printed property reports required by the Act; (vi) failing to complete the streets and install the streetlights in Fieldstone Crossing, Units One and Two; and (vii) failing to comply with additional sections of the Act and participating in activities proscribed by the Act. The Plaintiffs further allege that by failing to register and provide the documentation required by ILSFDA, the Defendants caused a misrepresentation to the Plaintiffs through incomplete, misleading, and false information upon which the Plaintiffs relied to their detriment. The Plaintiffs seek revocation and rescission of their respective purchase agreements, damages, attorney fees and costs, and independent appraiser fees.

On December 27, 2004, the Aldon Defendants filed their Motion to Dismiss and supporting brief. On January 7, 2005, the Endor Defendants filed their Motion to Dismiss and supporting brief. The Plaintiffs opposed both Aldon's and Endor's motions to dismiss. On August 17, 2005, the Court denied Aldon's motion, but granted Endor's motion and dismissed the Plaintiffs' Complaint as to the Endor Defendants because they were not "developers" or "agents" as defined under ILSFDA nor were they successors to Aldon and did not aid or abet the alleged fraudulent activities. *See generally, Paniaguas, et al. v. Aldon Companies Inc., et al.*, No. 2:-04-CV-468-PRC, 2005 WL 1983859, at *1 (N.D. Ind. August 17, 2005).

On October 20, 2005, the Aldon Defendants/Third-Party Plaintiffs filed a Third Party Complaint against Endor seeking indemnification for any judgment that may be adjudged against the Aldon Defendants/Third-Party Plaintiffs in favor of the Plaintiffs.

On February 28, 2006, Aldon filed a Motion for Summary Judgment Against Plaintiffs, which the Court denied on September 5, 2006.

On December 27, 2005, Aldon, as Defendants/Third Party Plaintiffs, filed the instant Motion for Summary Judgment on Third-Party Complaint. On January 31, 2006, Endor, as Third-Party Defendants, filed its Memorandum of Law in Support of Third Party Defendants' Response in Opposition to the Aldon Defendants' Motion for Summary Judgment as well as a Statement of Genuine Issues. On February 7, 2006, Aldon filed its Reply to Third Party Defendants' Response in Opposition to the Aldon Defendants' Motion for Summary Judgment.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**FACTUAL BACKGROUND**

The following are the facts viewed in the light most favorable to the nonmoving party, the Endor Third Party Defendants.

Plaintiffs John S. Paniaguas and Kathy R. Paniaguas purchased their home, a lot at 9347 Fillmore Court, Crown Point, Lake County, Indiana, in the Fieldstone Crossing Subdivision, Unit 1, from the Aldon Defendants on July 6, 1993. Plaintiffs Woodrow Cornett III and Kristine E. Cornett purchased their home, a home under construction at 9405 Fillmore Court, Crown Point, Lake County, Indiana, in the Fieldstone Crossing Subdivision, Unit 1, from the Aldon Defendants on April 3, 2001. The homes purchased by the Plaintiffs were subject to the Restrictive Subdivision Covenants of Fieldstone Crossing Subdivision ("Restrictive Covenants"), recorded in Lake County, Indiana.

On December 11, 2002, the Aldon Defendants sold the remaining undeveloped lots of the Fieldstone Crossing Subdivision, Unit 1 and Unit 2, to Third-Party Defendant Endor. Pursuant to the Real Estate and Purchase Agreement ("Sales Agreement"), Endor assumed responsibility for street paving, street lighting, enforcement of the Restrictive Covenants, and control over the architectural committee. On February 7, 2003, the parties to the Sales Agreement, Aldon as assignor and Endor as assignee, executed "The Quit Claim Assignment and Assumption of Public Improvements" ("Indemnification Agreement"), in which they provided for "assignment and assumption" as well as other general provisions.

On October 15, 2003, the Plaintiffs, among others, filed a Verified Complaint for Preliminary Injunction, Permanent Injunction and Monetary Damages against Endor Real Estate Services, Inc. in the Lake County Circuit/Superior Court for violation of the Restrictive Covenants. On October 15, 2004, the Plaintiffs amended the Complaint to add new claims as well as to add Aldon and the

remaining Endor Defendants as additional Defendants. The state court dismissed Aldon, which dismissal remains pending on appeal. The state court action remains pending as to Endor.

## STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's

claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

**ANALYSIS**

As a threshold matter, although neither of the parties briefed the Court on the issue of jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1367, if a district court has original jurisdiction in a civil case, such as federal question jurisdiction under ILSFDA, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367(a). In its Third-Party Complaint, Aldon alleges a state, common-law right of indemnification claim arising out of the Agreement executed between Aldon and Endor, in which Endor purchased the lots that the Plaintiffs previously purchased from Aldon. Accordingly, the Court finds that it may exercise supplemental jurisdiction over the state law claims advanced by Aldon against Endor in the Third-Party Complaint because those claims are "so closely related" to the Plaintiffs' ILSFDA claims against Aldon as to "form part of the same case or controversy under Article III of the United States Constitution." Finally, the Court notes that Indiana law applies to Aldon's state law claims against Endor because the Agreement between Aldon and Endor provides, in no uncertain terms, that "[t]he provisions of this Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Indiana."[1] *See* Agreement, ¶ 29.

In its Motion, the Aldon Defendants/Third-Party Plaintiffs move for Summary Judgment on its Third Party Complaint alleging that the Endor Third-Party Defendants "agreed to save Aldon harmless from, and to fully indemnify Aldon against, all claims made against Aldon for Endor's failure to perform Aldon's obligations." Defs./Third-Party Pls.' Mot., at 8. They further argue that

---

[1] In its Motion, Aldon asserts that Rule 14(a) allows a defendant to "bring an action against [a] non-party for indemnification." Further, in its Reply brief in response to Endor's assertion that Indiana law governs, Aldon seemingly alleges that Rule 14(a) governs by arguing that a court must hold a third-party defendant liable on a theory of indemnification to a third-party plaintiff on a third-party complaint. On the contrary, Rule 14(a) is merely the procedural mechanism providing a defendant the means to implead a non-party, which Aldon has already done. Rule 14(a) neither governs nor dictates this Court's findings regarding liability on the issue of indemnification.

the Plaintiffs claims against the Aldon Defendants under ILSFDA would necessarily fail "if Endor had fulfilled its commitment to perform the Aldon obligations which Endor agreed to assume and perform." *Id.* Endor responds that Aldon's Motion fails for three reasons: (1) because Aldon has not demonstrated that it made payments to the Plaintiffs on the underlying claims or that its liability has become fixed to the Plaintiffs, Endor's duty to indemnify cannot arise under Indiana law so Aldon's Motion is premature; (2) the Indemnification Agreement between Aldon and Endor fails to "clearly and unequivocally" state that Endor must indemnify Aldon for Aldon's own liability as to negligence; and (3) even if this Court were to hold that Endor must indemnify Aldon, "a blanket judgment" holding Endor responsible for any and all judgment against Aldon would be improper because the Plaintiffs Complaint alleges certain disclosure and registration requirements under ILSFDA as well as fraud, which are entirely distinct from the alleged assumed obligations of Endor. Aldon replies that (1) it is only seeking indemnification on the duty to defend, not the duty to indemnify; and (2) Aldon does not seek indemnification (for defense or indemnity) from Endor as to any of Aldon's actions "not implicit in the sale documents" as well as any alleged violation of ILSFDA "distinct from Plaintiffs' underlying Complaints regarding paving, lighting, and harmony of construction." Therefore, the only issue before the Court on Aldon's Motion for Summary Judgment on Third Party Complaint is the application and scope of the duty to defend, i.e, the claims in the Plaintiff's Complaint for which Endor agreed to indemnify Aldon.

Before turning to the parties' arguments, the Court must first determine what the parties specifically agreed to in the Indemnification Agreement. In the section entitled "Assignee's Indemnification", the parties agreed to the following:

> [Endor] hereby agrees to indemnify, defend (with counsel acceptable to [Aldon]) protect and hold harmless the Seller parties (as defined in the Contract) against any and all costs, losses, liabilities, and expenses (including reasonable attorney's fees), judgments, fines and

>       amounts paid in settlement actually and reasonably incurred in
>       connection with the claims arising out of or in any way connected to
>       any of the following[:]

(1) Endor's assumption of responsibility for surface paving the streets; (2) Endor's assumption of responsibility for street lighting; (3) Endor's assumption of responsibility for all sanitary and storm sewer services; (4) Endor's assumption of responsibility of NIPSCO services; (5) Aldon's retention of rights to any and all NIPSCO deposits and/or refunds; and (6) Endor's assumption of responsibility for enforcing all restrictive covenants and assumption of control to the Architectural Control Committee.[2] Accordingly, the Court finds that the Agreement between Aldon and Endor contains two duties: (1) a promise to indemnify Aldon against loss or damage and liability and (2) a promise to defend Aldon with regard to liability.[3] However, per Aldon's Reply, only the latter is at issue here.

As a general matter, under Indiana law, the interpretation of a contract is primarily a question of law for the court, even if the policy contains an ambiguity needing resolution. *American Family Mut. Ins. Co. v. Ginther*, 803 N.E.2d 224, 232 (Ind. App. Ct. 2004). In general, an indemnity agreement involves a promise by one party (indemnitor) to reimburse another party (the indemnitee) for the indemnitee's loss, damage, or liability. *Henthorne v. Legacy Healthcare, Inc.*, 764 N.E.2d 751, 756 (Ind. App. Ct. 2002) (citations omitted). Indemnity agreements are contracts subject to the

---

[2] Endor argues that the Indemnification Agreement is ambiguous because it fails to define the phrase "Seller parties" and, in fact, Aldon never appears in the Agreement by name. Therefore, according to Endor, "Aldon's claim for indemnification must fail." Quite the contrary, while the Court declines to hold that the Indemnification Agreement is ambiguous as to the phrase "Seller parties", the Court notes that, under insurance law, the presence of an ambiguity favors the insured. For example, under Indiana law, "if there is an ambiguity, the [agreement] should be interpreted most favorably to the [indemnitee], and construed to further the policy's basic purpose of indemnity." *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 383 (Ind. App. Ct. 2004) (citation omitted).

[3] The Court notes that "save harmless" and "hold harmless" are synonymous with "indemnify" and thus signify no separate duties. *Henthorne v. Legacy Healthcare, Inc.*, 764 N.E.2d 751, 756-57 (Ind. App. Ct. 2002) (citations omitted). Accordingly, because the duty to indemnify is not at issue here, the Court need not address the duty to "hold harmless." However, the duty to defend is a duty independent of the duty to indemnify against loss or liability, *id.* at 757 (citing *Ozinga Transp. Sys., Inc. v. Mich. Ash Sales, Inc.*, 676 N.E.2d 379, 388 (Ind. App. Ct. 1997), and thus the duty to defend is properly before the Court.

rules and principles of contract construction. *Id.* (citing *TLB Plastics Corp. v. Procter & Gamble Paper Prods. Co.*, 542 N.E.2d 1373, 1377 (Ind. App. Ct. 1989)); *see also Applied Indus. Materials Corp. v. Mallinckrodt, Inc.*, 102 F.Supp.2d 934, 943 (N.D. Ill. 2000) (applying Illinois law and providing that when a contract does not seek to indemnify a party against its own conduct or negligence, indemnity agreements will not be strictly construed against indemnification, but must be construed as any other contract). If the words of an indemnity agreement are clear and unambiguous, they are to be given their plain and ordinary meaning. *Id.* Hence, courts will construe an indemnity agreement to cover all losses and damages to which it reasonably appears the parties intended it to apply. *Id.* (citing *Essex Group, Inc. v. Nill*, 594 N.E.2d 503, 506 (Ind. App. Ct. 1992)).

Turning to the application and scope of the duty to defend, under Indiana law, a court determines a duty to defend from the allegations contained within the complaint and from those facts known or ascertainable after reasonable investigation. *Jim Barna Log Sys. Midwest, Inc. v. General Cas. Ins. Co. of Wisconsin*, 791 N.E.2d 816, 823 (Ind. App. Ct. 2003) (citation omitted). Therefore, "[i]f the pleadings reveal that a claim is clearly excluded under the policy, then no defense is required." *Id* (citation omitted). "Nonetheless, [a party] may go beyond the face of the complaint and refuse to defend based upon the factual underpinnings of the claims contained within the complaint." *Id.* (citing *Cincinnati Ins. Co. v. Mallon*, 409 N.E.2d 1100, 1105 (Ind. App. Ct. 1980). "Accordingly, it is the nature of the claim, not its merits, that determines [a party's] duty to defend." *Jim Barna Log Sys. Midwest, Inc.*, 791 N.E.2d at 823.

In other words, the Court adopts the following roadmap in order to determine the application and scope of Endor's duty to defend Aldon as to the Plaintiffs' allegations and facts in their Complaint:

> The existence of an obligation to defend is, in general, determined by the allegations of the complaint. If the allegations of the complaint

10

> state a cause of action or facts that would support a cause of action within the coverage of the [agreement], the [indemnitor] must defend. That is, the [indemnitor] must defend if, but only if, any of the allegations against the [indemnitee] could result in a judgment that the [indemnitor] would be obligated to pay.

1 Insurance Claims & Disputes 4th § 4:1 (2006).

The Plaintiff's Complaint alleges the following claims against Aldon: (I) not registering with the Department of Housing and Urban Development, Interstate Land Sales Office, in Washington D.C. as developers in interstate commerce selling and marketing land in a subdivision; (ii) failing to furnish the Plaintiffs with required notices under the Act; (iii) failing to furnish the Plaintiffs with copies of registration statements; (iv) failing to comply with local codes and standards; (v) failing to furnish the Plaintiffs with printed property reports required by the Act; (vi) failing to complete the streets and install the streetlights in Fieldstone Crossing, Units One and Two; and (vii) failing to comply with additional sections of the Act and participating in activities proscribed by the Act. In the Indemnification Agreement, Endor agreed to defend Aldon against the following: surface paving, street lighting, sanitary and storm sewer service, NIPSCO services, and enforcement of all restrictive covenants and control of the Architectural Control Committee.[4] The Court finds that the Plaintiffs' Complaint states two causes of action, specifically a failure to comply with local codes

---

[4] The Court finds it significant that Aldon, in its Reply, narrowed the scope of its Motion for Summary Judgment by stating that it does not seek indemnification (for defense or indemnity) from Endor regarding (1) any of Aldon's actions "not implicit in the sale documents", and (2) any alleged violation of ILSFDA distinct from Plaintiffs' underlying complaints regarding paving, lighting, and harmony of construction. *See* Aldon's Reply at 8-13.  In other words, the Court finds that Aldon, according to its own words, is not seeking indemnification for the Plaintiffs' claims alleged against them for violations (1) unrelated to the language of the Sales Agreement and (2) under ILSFDA to the extent those alleged violations are distinct from the subject of the Indemnification Agreement, i.e., paving, lighting, and harmony of construction. Accordingly, the Court finds that the Plaintiffs' claims against Aldon for (1) not registering with the Department of Housing and Urban Development, Interstate Land Sales Office, in Washington D.C. as developers in interstate commerce selling and marketing land in a subdivision; (2) failing to furnish the Plaintiffs with required notices under the Act; (3) failing to furnish the Plaintiffs with copies of registration statements; (4) failing to furnish the Plaintiffs with printed property reports required by the Act; and (5) failing to comply with additional sections of the Act and participating in activities proscribed by the Act qualify as either "not implicit in the sales documents" or "distinct" from the Plaintiffs' underlying complaints regarding paving, lighting, and harmony of construction. Thus, per Aldon's Reply Brief, the Court finds that those claims are not at issue here.

and standards and a failure to complete the streets and install the streetlights, which fall squarely within the terms of the Indemnification Agreement. Accordingly, the Court finds that Endor has a duty to defend Aldon as to those claims only.

Finally, with regard to the issue of indemnification for Aldon's own negligence, "[w]hile provisions for indemnification against one's own negligence do not violate public policy, in order to provide such indemnification rights the contract language must express that intent in clear and unequivocal language." *Dohm & Nelke, A Div. of Cashin Sys. Corp. v. Wilson Foods Corp.*, 531 N.E.2d 512, 514 (Ind. App. Ct. 1988). As a matter of interpretation, indemnification agreements that require one party to compensate the other party for the other party's own negligence are construed much more strictly than insurance agreements. *Exide Corp. v. Millwright Riggers, Inc.*, 727 N.E.2d 473, 482 (Ind. App. Ct. 2000). A stricter reading is given to such indemnification clauses because indemnification for another party's own negligence is a harsh burden that a party would not lightly accept. *Id.* (citation omitted). Therefore, such indemnification provisions will not be held to provide complete indemnity unless the indemnity is expressed in clear and unequivocal terms. *Id.* Applying the above standard to the instant case, to the extent that Aldon seeks indemnification for its own negligence in relation to the claims and facts in the Plaintiffs' Complaint[5], the Court finds that the Indemnification Agreement between Aldon and Endor failed to "express that intent in clear and unequivocal language" and thus any negligence asserted by the Plaintiffs against Aldon would not be covered under the Indemnification Agreement between Aldon and Endor.

## CONCLUSION

---

[5] Endor's Response devotes several pages to the issue of indemnification against negligence. While the Court takes no position on whether any claim in the Plaintiffs' Complaint even sounds in negligence, the Court nevertheless finds it prudent to provide guidance.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the Aldon Defendants/Third-Party Plaintiffs' Motion for Summary Judgment on Third Party Complaint [DE 50]. The Court grants the Motion to the extent that the Court finds that Endor has a duty to defend Aldon on claims asserted by the Plaintiffs in their Complaint alleging a failure to comply with local codes and standards and a failure to complete the streets and install the streetlights. The Court denies the Motion in all other respects.

SO ORDERED this 26th day of September, 2006.

s/Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record