## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN S. PANIAGUAS, KATHY R. | ) | |
| PANIAGUAS, WOODROW CORNETT, III, | ) | |
| and KRISTINE E. CORNETT, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:  2:04-CV-468-PRC |
| | ) | |
| ALDON COMPANIES, INC.; OFFICERS and | ) | |
| DIRECTORS OF ALDON COMPANIES, INC., | ) | |
| individually, whose exact identities are unknown; | ) | |
| ALDON BUILDERS, INC.; OFFICERS and | ) | |
| DIRECTORS OF ALDON BUILDERS, INC., | ) | |
| individually, whose exact identities are unknown; | ) | |
| BRADLEY A. GOMEZ, individually, | ) | |
|     Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENDOR, INC.; OFFICERS and DIRECTORS | ) | |
| OF ENDOR, INC.; ENDOR REAL ESTATE | ) | |
| SERVICES, INC.; and OFFICERS and | ) | |
| DIRECTORS of ENDOR REAL ESTATE | ) | |
| SERVICES, INC., | ) | |
|     Third-Party Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reconsider Court's Order of September 5, 2006, Denying Aldon's Motion for Summary Judgment, and to Grant Full Faith and Credit to the Indiana State Court of Appeals May 18, 2006 Decision and Opinion Reported at 847 N.E.2d 927 [DE 103], filed by Aldon Companies, Inc., Officers and Directors of Aldon Companies, Inc., Aldon Builders, Inc., Officers and Directors of Aldon Builders, Inc., and Bradley A. Gomez, individually (collectively, "Aldon") on May 4, 2007, and a Motion for Leave to Amend Answer [DE 113], filed by Aldon on June 12, 2007.  On May 24, 2007, John S. Paniaguas, Kathy R. Paniaguas (collectively, "Paniaguas"), Woodrow Cornett, III, and Kristine E. Cornett (collectively, "Cornett") (collectively, together "Plaintiffs") filed a Plaintiffs' brief in opposition to the Defendants' Motion to Reconsider.

On June 12, 2007, Aldon filed its reply, which included a Motion For Leave to Amend Answer.  For the following reasons, the Court denies the Motion to Reconsider and denies as moot the Motion for Leave to Amend Answer.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 6, 1993, the Paniaguas Plaintiffs purchased their home, a lot at 9347 Fillmore Court, Crown Point, Lake County, Indiana, in the Fieldstone Crossing Subdivision, Unit 1, from Aldon. On April 3, 2001, the Cornett Plaintiffs purchased their home, a home under construction at 9405 Fillmore Court, Crown Point, Lake County, Indiana, in the Fieldstone Crossing Subdivision, Unit 1, from Aldon.  The homes purchased by the Plaintiffs were subject to the Restrictive Subdivision Covenants of Fieldstone Crossing Subdivision ("Restrictive Covenants"), recorded in Lake County, Indiana.

On December 11, 2002, Aldon sold the remaining undeveloped lots of the Fieldstone Crossing Subdivision, Unit 1 and Unit 2, to Endor, Inc.  Pursuant to the Real Estate and Purchase Agreement, Endor assumed responsibility for street paving, street lighting, enforcement of the Restrictive Covenants, and control over the architectural committee.

On October 15, 2003, the Plaintiffs, among others, filed a complaint for preliminary injunction, permanent injunction, and monetary damages against Endor in the Lake County Superior Court for violation of the Restrictive Covenants.  On October 15, 2004, the Plaintiffs amended the complaint to add new claims as well as to add Aldon and Endor officers and related entities as additional defendants.  In the amended complaint, the Plaintiffs sought to recover damages for alleged tortious conduct and breach of contract.  With regard to Aldon, the Plaintiffs alleged that Aldon engaged in tortious conduct by breaching its duty to Plaintiffs to ensure that any developer to whom Aldon sold its interest in the Plaintiffs' subdivision would adequately adhere to the

Restrictive Covenants.  The Plaintiffs also alleged that Aldon breached the Real Estate Purchase and Sales Agreements ("the Agreements") entered into by the parties when it failed to enforce the Restrictive Covenants upon Endor.

Aldon moved to dismiss the amended complaint, arguing that the Plaintiffs failed to state a cause of action.  On May 25, 2005, the Lake Superior Court granted Aldon's motion and dismissed Aldon with prejudice.  The Plaintiffs appealed the Lake Superior Court's decision and on May 18, 2006, the Court of Appeals of Indiana entered an opinion and affirmed the Lake Superior Court's ruling.

During the pendency of the state court case, on November 12, 2004, the Plaintiffs filed a Complaint for Revocation/Rescission of Contract for Violations of the Interstate Land Sales Act against Aldon; Endor, William C. Cunha, Jr., Officers and Directors of Endor, Inc., Wade Cunha, Greatbanc Trust Company Trust No. 7832 (under Trust Agreement dated March 6, 1996), Endor Real Estate Services, Inc., and Officers and Directors of Endor Real Estate Services, Inc. (collectively, "Endor" or "Endor Defendants"); and Delores Hatcher, individually, in this Court. The complaint alleges that the Defendants violated the Interstate Land Sales Full Disclosure Act ("ILSFDA" or "the Act"), 15 U.S.C. § 1701 *et seq.*  The Plaintiffs assert that the Defendants violated the Act by: (1) not registering with the Department of Housing and Urban Development, Interstate Land Sales Office, in Washington D.C. as developers in interstate commerce selling and marketing land in a subdivision; (2) failing to furnish the Plaintiffs with required notices under the Act; (3) failing to furnish the Plaintiffs with copies of registration statements; (4) failing to comply with local codes and standards; (5) failing to furnish the Plaintiffs with printed property reports required by the Act; (6) failing to complete the streets and install the streetlights in Fieldstone Crossing, Units One and Two; and (7) failing to comply with additional sections of the Act and participating in activities

3

proscribed by the Act.  The Plaintiffs further allege that by failing to register and provide the documentation required by ILSFDA, the Defendants misrepresented facts to the Plaintiffs through incomplete, misleading, and false information, upon which the Plaintiffs relied to their detriment. The Plaintiffs seek revocation and rescission of their respective purchase agreements, damages, attorney fees and costs, and independent appraiser fees.

On December 27, 2004, Aldon filed a motion to dismiss and supporting brief.  On January 7, 2005, the Endor Defendants filed a motion to dismiss and supporting brief.  The Plaintiffs opposed both motions to dismiss.  On August 17, 2005, the Court denied Aldon's motion and granted Endor's motion and dismissed the Plaintiffs' complaint as to the Endor Defendants because they were not "developers" or "agents" as defined by the ILSFDA and they were not successors to Aldon and did not aid or abet the alleged fraudulent activities.  *See generally, Paniaguas, et al. v. Aldon Companies Inc., et al.*, No. 2:-04-CV-468-PRC, 2005 WL 1983859, at * 1 (N.D. Ind. Aug. 17, 2005).  On October 20, 2005, Aldon filed a third party complaint against Endor seeking indemnification for any judgment that may be adjudged against Aldon in favor of the Plaintiffs.

On December 29, 2005, Aldon filed a motion for summary judgment on their third party complaint.  On September 26, 2006, the Court entered an opinion and order granting in part and denying in part the motion.  The Court granted the motion to the extent that it found that Endor has a duty to defend Aldon on claims asserted by the Plaintiffs in their complaint that allege a failure to comply with local codes and standards and a failure to complete the streets and install streetlights. The Court denied the motion in all other respects.

On February 28, 2006, Aldon filed a motion for summary judgment.  On April 13, 2006, the Plaintiffs filed their response.  On May 12, 2006, Aldon filed their reply in support of their motion

for summary judgment.  On September 5, 2006, the Court denied Aldon's motion for summary judgment against the Plaintiffs.

On May 4, 2007, Aldon filed the instant Motion to Reconsider, requesting that the Court reconsider its September 5, 2006, denial of summary judgment.  The Motion is now fully briefed and before the Court.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.  Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD

Motions to reconsider a summary judgment opinion and order can be properly brought pursuant to Federal Rule of Civil Procedure 54(b), which provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).  The term "judgment" as used in Rule 54(b) "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).  Motions to reconsider an order under Rule 54(b) are judged by largely the same standard as motions to alter or amend a judgment under Rule 59(e) and serve a limited function: to correct manifest errors of law or fact.  *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561

F.Supp. 656, 665-66 (N.D. Ill.1982), *aff'd,* 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), *amended by*, 835 F.2d 710 (7th Cir. 1987).

A motion to reconsider is proper only when:

the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Accordingly, "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (citing *Schartle v. Motorola, Inc.*, No. 93 C 5508, 1994 WL 323281 at *1 (N.D. Ill. June 24, 1994)). Nor can motions to reconsider be employed as a vehicle for introducing evidence that could have been produced prior to the ruling on summary judgment. *See Rothwell*, 827 F.2d at 251. Thus, "problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

## ANALYSIS

In its Motion, Aldon asks the Court to reconsider its September 5, 2006, opinion and order denying Aldon's motion for summary judgment. Aldon does not specify what Rule of Federal Civil Procedure it uses to make the Motion. The Court finds that Aldon can properly use Federal Rule of Civil Procedure 54(b) to bring the Motion to Reconsider at this stage of the proceeding. Pursuant to Rule 54(b), which provides relief from any appealable judgment, decision, or order that adjudicates less than all of the claims when multiple claims are presented, the judgment, decision, or order at issue may be revised at any time before the entry of judgment adjudicating all the claims

and the rights and liabilities of the parties.   Thus, because this matter is still pending, Aldon's

Motion to Reconsider is timely and the Court construes it as a Rule 54(b) Motion.

In support of its Motion to Reconsider, Aldon offers three arguments why the Court should

now grant summary judgment in its favor: (1) that the Plaintiffs were required to assert all of their

claims in their original cause of action filed in state court and because they failed to do so, they

should be precluded from asserting additional claims in this, a subsequent cause of action; (2) that

Aldon is not subject to the Interstate Land Sales Full Disclosure Act ("ILSFDA" or "the Act") or

in the alternative that the transactions at issue are exempt under the ILSFDA; and (3) that the Court

must grant full faith and credit through application of the res judicata doctrine to a recent decision

rendered by the Court of Appeals of Indiana in a case involving the same parties.  Aldon submitted

its arguments in the Motion without the aid of a supporting brief.  Aldon's Motion did not clearly

delineate its arguments for reconsideration.  Subsequently, Aldon filed a reply brief that did provide

some clarification as to the structure of Aldon's contentions.   However, Aldon offered several

ancillary arguments in its Motion that it did not address in its reply brief.  The Court will briefly

address those arguments at the conclusion of Section I, *infra*.

In response, the Plaintiffs argue that the ILSFDA applies to Aldon and that the transactions

at issue are not exempt from coverage under the Act.  With regard to full faith and credit, the

Plaintiffs contend that application of res judicata as a bar to the Plaintiffs' claims is not appropriate

here because (1) res judicata is not an issue properly within the scope of the Motion to Reconsider;

and (2) Aldon does not establish that the issues before the Court in this matter were ruled on in the

state court litigation involving the same parties.  The Plaintiffs did not submit an argument in

response to Aldon's contention regarding the sufficiency of the Plaintiffs' pleadings.

## I. Timeliness

Before evaluating the substance of Aldon's arguments, the Court must address two arguments that it finds were untimely submitted in the Motion to Reconsider.  The Court again notes the limited scope of a motion to reconsider.  A motion to reconsider is only proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Bank of Waunakee*, 906 F.2d at 1191.  A motion to reconsider is not the proper implement to resubmit old arguments or for "new legal theories not argued before the ruling."  *Zurich Capital Mkts.*, 383 F. Supp. 2d at 1045.

Aldon first argues in its Motion that the Plaintiffs' ILSFDA claim is untimely.  Aldon contends that the Plaintiffs filed two causes of action based on the same facts, the instant action and an action in Indiana state court.  Aldon argues that the Plaintiffs filed the Indiana state court action first and should have properly filed all their claims based on the common facts as part of that original cause of action.  Aldon suggests that it was untimely for the Plaintiffs to assert a cause of action under the ILSFDA in this, a subsequent cause of action.

Second, Aldon contends that the ILSFDA does not apply to Aldon or in the alternative that the transactions at issue are exempt under the ILSFDA.  Aldon cites 15 § U.S.C. 1702(a)(2) for the proposition that it is an entity exempt from the ILSFDA's coverage.  Section 1702(a)(2) exempts from the Act's coverage "the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years."  15 U.S.C. § 1702(a)(2).  Aldon states that the Plaintiffs Cornett purchased a lot with a residence already constructed and the Plaintiffs Paniaguas purchased a lot that Aldon contracted to build a house on

8

within 120 days of the Paniaguas Plaintiffs giving notice to proceed.  Thus, Aldon contends that it is either exempt from the Act's coverage as it pertains to the transactions at issue or in the alternative that the Act does not apply to the transactions.

Both of Aldon's arguments described above should have been asserted at the summary judgment stage at the very latest.  In fact, in its motion for summary judgment, Aldon asserted two arguments that it was exempt from coverage under the ILSFDA.  Now, Aldon attempts to assert a third argument that it is exempt under the Act, citing another subsection of the same section of the Act that it cited for its original two arguments of exemption.  No new facts or laws have arisen that provide a basis for Aldon to assert this third exemption argument that did not exist at the time Aldon filed for summary judgment.  And no new facts or new laws have arisen that provide a basis for Aldon's argument that the Plaintiffs' ILSFDA claim is untimely.  When the Plaintiffs filed the instant lawsuit, the state court lawsuit had already been filed and Aldon could have immediately argued that the federal lawsuit was untimely.  Aldon did file a motion to dismiss on December 23, 2004, arguing, *inter alia*, that the Plaintiffs' federal lawsuit amounted to a claim for breach of the Restrictive Covenants, which was already being litigated in state court.  The Court denied Aldon's motion to dismiss on August 17, 2005, and found that the instant case was based on a federal law and should proceed.  *See Paniaguas*, 2005 WL 1983859 at *12.  Thus, Aldon's arguments are not timely or were already ruled on by the Court.  In either case, Aldon will not be allowed to raise these arguments at this juncture.  If Aldon were permitted to raise these arguments it would expand the very limited scope of a motion to reconsider.

The Court also notes that to the extent Aldon attempts to reargue issues that the Court previously ruled on, the Court will not reconsider its prior ruling based on those same arguments. For example, in the Motion to Reconsider, Aldon argues that the ILSFDA is not intended to apply

to the transactions or developments at issue.  Aldon previously made this argument in its motion for summary judgment.  On Motion to Reconsider, Aldon does not argue that the Court misunderstood the argument or made a decision outside the issues presented at summary judgment. Instead, Aldon seeks a second substantive ruling.  Because the Court rejected Aldon's argument in its September 5, 2006, opinion and order denying Aldon's motion for summary judgment, the Court will not now consider it or other arguments that Aldon submitted for a second time.

## II.  Full faith and credit and res judicata

Aldon's remaining argument in its Motion to Reconsider is that based on application of the res judicata doctrine, the Court must give full faith and credit to a decision rendered by the Court of Appeals of Indiana in a case involving the same parties, in which the state court dismissed Aldon as a defendant to the Plaintiffs' state law claims.  The Court finds that this argument does fit within the limited scope of issues that may be properly addressed in a motion to reconsider.  The recent decision of the Court of Appeals qualifies as "a controlling or significant change in the law or facts since the submission of the issue to the Court."  *Bank of Waunakee*, 906 F.2d at 1191.

The Court may also properly consider Aldon's res judicata argument at this stage of the proceedings pursuant to Federal Rules of Civil Procedure 8 and 15.  As the Plaintiffs point out, res judicata is an affirmative defense under Rule 8(c).  *See* Fed. R. Civ. P. 8(c).  Affirmative defenses must be pleaded in a party's original answer or a party may raise an affirmative defense subsequently by seeking to amend its original answer pursuant to Rule 15(a).  *See* Fed. R. Civ. P. 15(a).  Where the matter is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal.  *See Dresser Indus., Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 (7th Cir. 1991) (citing *Bull's Corner Rest., Inc. v. Dir. of Fed. Emergency Mgmt. Agency*, 759 F.2d 500, 502 (5th Cir. 1985)).  Here, Aldon raised res judicata soon after the issue

10

arose.[1]  By raising the issue in a motion to reconsider, Aldon provided the Plaintiffs with an opportunity to fully brief the issue in their response brief.  The Plaintiffs availed themselves of this briefing opportunity and addressed the res judicata issue substantively.  For that reason, the Court concludes that Aldon raised res judicata at a reasonable time and without detriment to the Plaintiffs.  The Court will therefore address the substantive merits of Aldon's res judicata argument.  This finding renders Aldon's Motion for Leave to Amend Answer moot because Aldon has no need to amend its answer and plead res judicata as an affirmative defense now that the Court is evaluating the argument through the Motion to Reconsider.

The Court notes that while it has previously addressed the fact that the Plaintiffs had simultaneous lawsuits pending against the same Defendants, it did so in a different context.  The Plaintiffs encourage the Court to rely on its previous statements regarding the concurrent lawsuits.  For example, in this Court's August 17, 2005, opinion and order granting the Endor Defendants' motion to dismiss and denying the Aldon Defendants' motion to dismiss, the Court considered Aldon's request to stay the proceedings and stated, "[t]he Plaintiff's state court action is based on claims of Indiana law, primarily, breach of Restrictive Covenants.  In contrast, the Plaintiffs bring this action based on alleged violations of federal law." *Paniaguas*, 2005 WL 1983859, at *12.  The Plaintiffs seek to extend this statement to stand for the proposition that res judicata cannot apply to the two claims.  The Court refuses to do so because the analysis of Aldon's request to stay the proceedings has no effect on the current issue of res judicata.  Staying proceedings and res judicata are separate issues, controlled by separate law, with different controlling standards.  Therefore, the

---

[1]The Plaintiffs petitioned the Supreme Court of Indiana for transfer of the Appellate Court's decision.  On October 3, 2006, the Supreme Court denied the Plaintiffs' petition, making the Appellate Court's holding final.  *See Paniaguas, et al. v. Endor, et al.*, 847 N.E. 2d 967 (Ind. Ct. App. 2006), *trans. denied*, 860 N.E.2d 593 (Ind. 2006).

Court will now address the simultaneous existence of the two lawsuits and whether the state lawsuit precludes the federal lawsuit pursuant to full faith and credit and res judicata.

The idea of full faith and credit is as old as our court system. *See Baker v. General Motors Corp.*, 522 U.S. 222, 231-32 (1998). It appears in the United States Code at 28 U.S.C. § 1738, which provides that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State." The general rule of full faith and credit is that parties should not be permitted to relitigate issues that have been decided by courts of competent jurisdiction. *See San Remo Hotel, L.P. v. City and County of S.F., Ca.*, 545 U.S. 323, 336 (2005). The purpose of the rule is to make the several states participants in a national legal system "throughout which a remedy upon a just obligation might be demanded as of right irrespective of the state of its origin." *Milwaukee County v. M.E. White Co.*, 296 U.S. 268, 277 (1935); *see also Baker*, 522 U.S. at 232. Full faith and credit is routinely applied through the res judicata principle, which is used by courts to preclude cases and issues already adjudicated in other courts. *See Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466 (1982); *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Full faith and credit is the overarching idea that makes local doctrines of res judicata a part of national jurisprudence. *See Baker*, 522 U.S. at 246 (1998) (quoting *Riley v. New York Trust Co.*, 315 U.S. 343, 349 (1942)). Before deciding whether res judicata applies here, the Court must choose to apply either federal or Indiana res judicata law.

Generally, when deciding what res judicata law to apply, where the first of two causes of action was adjudicated in state court, the adjudicating state's law controls. *See Licari v. City of Chi.*, 298 F.3d 664, 666 (7th Cir. 2002); *Bankers Trust Co. v. Old Republic Ins., Co.*, 697 F. Supp. 1483, 1485-86 (N.D. Ill. 1988) (stating that in applying res judicata, it is "generally recognized that if the prior judgment was rendered in state court, then state law would apply" to the analysis of potential

preclusion in the present case). This rationale is supported by a literal reading of the statute, which dictates that in determining whether res judicata applies to a previously rendered state court decision, a reviewing federal court is to apply the law of "the courts of such State." 28 U.S.C. § 1738. Thus, herein the Court analyzes Aldon's claim of res judicata pursuant to Indiana law.

Establishing res judicata in Indiana requires the moving party to show that (1) the former judgment was rendered by a court of competent jurisdiction; (2) both the former suit and the present suit involve the same parties; (3) the judgment in the former suit was rendered on the merits; and (4) the former judgment did, or might have, determined the matter or issue in question. *See Hondo, Inc. v. Sterling*, 21 F.3d 775, 779 (7th Cir. 1994). Indiana law considers res judicata to encompass two branches: claim preclusion and issue preclusion. *See Smith v. Lake County*, 863 N.E.2d 464, 470 (Ind. Ct. App. 2007). In outlining the degree to which claims must overlap for res judicata to apply, Indiana courts set different tests for issue and claim preclusion. *See In re Adoption of A.N.S.*, 741 N.E.2d 780, 786-87 (Ind. Ct. App. 2001). Issue preclusion is proper when "some fact or question has been determined in the former suit and is again put in issue in a subsequent suit between the same parties or their privies. In such cases the former adjudication of that fact, if properly presented and relied upon, will be conclusive on the parties." *Id.* Claim preclusion applies when a final judgment is rendered on the merits, and that judgment acts as a complete bar to any subsequent cause of action on the same matter or claim between the same parties or their privies. *See Huber v. United Farm Family Mutual Ins. Co.*, 856 N.E.2d 713, 716 (Ind. Ct. App. 2006). In determining whether res judicata applies, Indiana courts have oft-repeated that it is helpful to inquire whether identical evidence is supportive of the issues involved in both cases. *See Indianapolis Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005); *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1003 (Ind. Ct. App. 2003).

13

Here, Aldon argues that both claim and issue preclusion apply. Evaluating these claims, the Court will discuss the res judicata elements in order. The Court of Appeals' decision facially satisfies the first two elements. First, the Court of Appeals of Indiana, a court of appellate jurisdiction, was a jurisdictionally competent court to review the decision rendered by the trial court, the Lake Superior Court. *See* Ind. Code 33-33-45-6; Ind. App. Rules of Ct., Rules of App. Pro., R 5. Second, the state case involved the same parties, the Paniaguas and Cornett Plaintiffs, and the Aldon Defendants, as the instant case.

Next, the Court must determine whether the decision of the Court of Appeals was a decision on the merits. The necessary analysis is set forth in *Thacker v. Bartlett*, where the court found that the trial court's dismissal of the plaintiff's original complaint for failure to state a claim upon which relief could be granted pursuant to Trial Rule 12(B)(6) was not an adjudication on the merits. *See* 785 N.E.2d 621, 624 (Ind. Ct. App. 2003). The court explained that in Indiana, the dismissal did not preclude the plaintiff from subsequently filing another complaint for the same claim against the same defendant because pursuant to Indiana law, a party whose complaint is dismissed for failing to state a claim receives the opportunity to amend the complaint once as a matter of right. *Id*. However, the court stated that a Trial Rule 12(B)(6) dismissal becomes an adjudication on the merits once the plaintiff opts to appeal the dismissal rather than file an amended complaint. *Id*. at 625; *see also Platt v. State*, 664 N.E.2d 357, 361 (Ind. Ct. App. 1996); *Browning v. Walters*, 616 N.E.2d 1040, 1044 (Ind. Ct. App. 1993).

Here, the Lake Superior Court dismissed the Plaintiffs' complaint pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief could be granted. The Plaintiffs chose to appeal the dismissal rather than refile the complaint. The Court of Appeals affirmed the dismissal.

The decision of the Lake Superior Court became an adjudication on the merits when Aldon appealed the ruling.

Aldon's res judicata argument now boils down to the fourth element. The Court must evaluate whether the Court of Appeals of Indiana did, or might have, determined the matter or issue in question in the instant case. To meet this element, a certain level of commonality must exist between the claims. The Court will survey the relevant Indiana state and federal law to set forth the proper level of shared identity that is required between claims to trigger res judicata preclusion.

The test for required similarity of claims under Indiana res judicata law is summarized succinctly by the United States Court of Appeals for the Seventh Circuit, finding that the appropriate test is the "identity of evidence" approach, which "[u]nderstood literally . . . would confine a plea of res judicata to cases in which the claim in the plaintiff's second suit was identical to the claim in his first, and would invite piecemeal litigation with a vengeance." *Atkins v. Hancock County Sheriff's Merit Bd.*, 910 F.2d 403, 405 (7th Cir. 1990); *see also Douglas v. City of Bloomington*, No. 1:03-CV-0080, 2004 WL 828324, at *3 (S.D. Ind. Mar. 9, 2004). The Seventh Circuit, seeking to avoid a glut of repetitive litigation, did not restrain its interpretation of the "identity of evidence" approach to such a rigid standard, choosing instead to read the standard as a practical requirement. *See Atkins*, 910 F.2d at 405; *Douglas*, 2004 WL 828324 at *3. Explained more fully by the district court in *Douglas*, if the evidence required to support the two claims at issue is "nearly identical," the claims will be found to share the requisite closeness to qualify for res judicata preclusion. *See* 2004 WL 828324 at *4. In *Douglas,* the court found that res judicata barred a subsequent claim because both cases turned on the single issue of whether the defendants had a good faith belief that they were acting in accordance with the law. *Id*. The evidence required to prove both claims was not entirely identical but was found to be "nearly identical" and sufficient for res judicata. *Id*.

Essentially, the Seventh Circuit dictates that in Indiana, different claims, with different elements, filed under different laws, may still be barred by res judicata depending upon the commonality of the evidence needed to prove the claims.

To explore the boundaries of the identity of evidence standard more fully, the Court looks to more factually detailed precedent found in the state courts. The Court begins with the recent case, *Pinnacle Media, L.L.C. v. Metropolitan Development Commission of Marion County*, in which the plaintiff, a billboard construction and leasing company, sued the defendant state agency for allegedly wrongfully preventing the plaintiff from erecting certain billboards. *See* 868 N.E.2d 894 (Ind. Ct. App. 2007). Anticipating erecting new advertisements, the plaintiff obtained a state agency permit for the billboards' construction. When the defendant passed a zoning ordinance that required the plaintiff to obtain a city permit to erect certain billboards as well, the plaintiff cried foul. The plaintiff relied on a state law rule that prevented retroactive application of newly enacted ordinances and argued that the new ordinance did not apply to the plaintiff's billboards because it was passed after the plaintiff had obtained a state permit. The Supreme Court of Indiana disagreed, finding that because the plaintiff had not started work on the billboards in question, no right had vested and the newly adopted ordinance did apply to the billboards.

The plaintiff petitioned for rehearing, during the pendency of which, the Indiana legislature codified a rule regarding the timing when rights in construction permits vest. Upon rehearing, the court affirmed its prior ruling. The plaintiff then sought leave to amend its complaint and request equitable relief relying, in part, upon the newly enacted statute. The trial court denied the plaintiff's motion and the plaintiff appealed. On appeal, the appellate court's decision focused on whether the issues that the plaintiff sought to add to its original complaint were, or could have been, determined in the prior action. *See id.* at 900. The appellate court found that the newly enacted statute that the

16

plaintiff desired to rely upon was based on a decision rendered by the Supreme Court of Indiana more than fifty years before, and could have been asserted by the plaintiff in its original cause of action.  *See id*.  Therefore, the court denied the plaintiff's request to amend.  *See id*.

In contrast, a marked limitation to res judicata preclusion is seen in *Indianapolis Downs LLC v. Herr*.  *See* 834 N.E.2d at 699.  In *Herr*, Indianapolis Downs was in the process of regrading land and had to "de-water" soil as part of the process.  Indianapolis Downs de-watered the soil by pumping water from its property onto the Fairland Recreation Club's neighboring property as well as property owned by Herr.  Fairland filed suit seeking to be compensated for damages to its business operations that it alleged resulted from Indianapolis Downs' pumping.  Fairland ultimately prevailed and received a favorable jury verdict as compensation for its lost business.

Thereafter, Herr filed suit, seeking damages from Indianapolis Downs for trespass to real estate.  Indianapolis Downs filed for summary judgment, contending that Herr's complaint was barred by res judicata stemming from the Fairland litigation.  The trial court denied summary judgment and Indianapolis Downs appealed.  In discussing the scope of preclusion based on the adjudication of an earlier case between the same parties, the court of appeals reasoned, "[a] party is not allowed to split a cause of action, pursuing it in a piecemeal fashion and subjecting a defendant to needless multiple suits."  *Id*. at 703 (quoting *Ind. State Highway Comm'n v. Speidel*, 392 N.E.2d 1172, 1175 (Ind. Ct. App. 1979)).  The court continued, "two or more separate causes of action may arise from the same occurrence, and in such case a judgment on one action does not bar suit on the second."  *Herr*, 834 N.E.2d at 703 (citing *Gorski v. Deering*, 465 N.E.2d 759, 762-63 (Ind. Ct. App. 1984)).  Based on this framework, the court found that res judicata did not bar Herr's cause of action.  *Id*. at 704.  The court explained that although both causes of action arose from the

same incident, the lawsuits asserted distinct claims.  *See id.*  The first lawsuit sought damages for injury to Fairland's business.  The second claim sought damages for harm to Herr's real estate.

A more limited view of res judicata preclusion is seen in *Peterson v. Culver Educational Foundation*, a case frequently cited by plaintiffs.  *See* 402 N.E.2d 448 (Ind. Ct. App. 1980). *Peterson* was also the subject of discussion by the *Atkins* court.  *See Atkins*, 910 F.2d at 405.  The court in *Peterson* considered whether to bar a claim of defamation asserted by an employee against his former employer when the employee had already received a favorable jury verdict against the employer on a claim of wrongful discharge.  The court began its holding by stating that "no bar was intended for failure to join claims in an original action."  *Peterson*, 402 N.E.2d at 460.  Continuing its explanation, the court stated, "[t]he limitation on the res judicata rule is that a judgment is conclusive only as to those facts which were necessary to sustain the judgment, and does not conclude matters which were incidental to or collateral to the decision in the case."  *Id.* at 461.  It should therefore come as no surprise that the court allowed the plaintiff to continue pursuing his defamation claim, finding that the defamation lawsuit was not within the issues presented in the wrongful discharge lawsuit.  *See id.* at 462.

The Court finds that the practical identity of evidence approach endorsed by the Seventh Circuit in *Atkins* is reflected in the reasoning of recent Indiana appellate cases such as *Pinnacle Media*.  These cases exemplify the approach of the Indiana courts to use res judicata as a measure to bar cases that could have been, but were not, asserted in earlier litigation.  The *Herr* court follows this reasoning but sets a limit to the use of res judicata, finding that it cannot be applied to two different claims that seek damages for two distinct injuries.  The *Peterson* holding is a narrow reading of the final element of res judicata, finding that for res judicata to apply, the same fact(s) must be determinative in both matters.  *Peterson* remains consistent with the identity of evidence

18

approach because the court framed the issue differently than other courts and ultimately reached its holding on other grounds. Thus, based on the foregoing analysis, the Court turns to the instant claim and analyzes it pursuant to the practical identity of evidence approach.

Comparing the Plaintiffs' claims, the Court finds that the state and federal causes of action arise from the same set of underlying facts, namely the Plaintiffs' purchase of property from Aldon and Aldon's subsequent management and sale of that property. In framing both claims, the Plaintiffs allege that when they purchased the property at issue, they substantially relied upon the Restrictive Covenants, which they believed assured that all homes would meet uniform quality requirements and safeguard property values. The Plaintiffs further allege that Aldon failed to comply with the Restrictive Covenants and as a result caused diminution of the Plaintiffs' property value. That general factual landscape is an identical background upon which the Plaintiffs' paint their state and federal claims. However, common backgrounds do not elicit the application of res judicata preclusion.

The Plaintiffs' state lawsuit states two claims, a tort claim alleging negligence and a breach of contract claim. The tort claim consisted of the Plaintiffs' allegations that Aldon had a duty, which arose both through the Agreements with the Plaintiffs and the nature of the parties' relationship, to ensure that the developer to whom Aldon sold its interest in the Plaintiffs' subdivision would adhere to the Restrictive Covenants. The Plaintiffs alleged that Aldon breached its duty by failing to enforce the Restrictive Covenants upon its successor developer thereby reducing the Plaintiffs' property value. The Plaintiffs also alleged a cause of action for breach of contract, contending that Aldon breached the Agreements with the Plaintiffs. To successfully assert a claim for breach of contract, the Plaintiffs were required to prove that a contract existed, that Aldon breached the contract, and that Aldon's breach resulted in damages. *See McCalment v. Eli Lilly &Co.*, 860

19

N.E.2d 884, 894 (Ind. Ct. App. 2007) (citing *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d 606, 614 (Ind. Ct. App. 2000)).  The central evidentiary requirement for both of the Plaintiffs' state law claims was establishing that Aldon owed a duty and breached that duty.

The Plaintiffs design their federal Complaint as one intended to address "violations of the federal act commonly-known-as the federal Interstate Land Sales Full Disclosure Act."  *See* Pls.' Compl. at ¶ 2.  The Plaintiffs allege that Aldon violated the ILSFDA in certain specific ways, including: not registering with the Department of Housing and Urban Development, Interstate Land Sales Office, in Washington D.C. as developers in interstate commerce selling and marketing land in a subdivision; failing to furnish the Plaintiffs with required notices under the Act; failing to furnish the Plaintiffs with copies of registration statements; failing to furnish the Plaintiffs with printed property reports required by the Act; and failing to complete the streets and install the streetlights in the development.  Establishing a claim under the ILSFDA requires the Plaintiffs to prove that (1) Aldon is subject to the Act; (2) the development in question is consistent with the type of development that the Act covers; and (3) Aldon failed to meet the recording, notice, or other specific requirements of the Act.  *See* 15 U.S.C. § 1701 *et seq*.  The Plaintiffs further allege in their federal lawsuit that by failing to register and provide the documentation required by ILSFDA, Aldon made certain incomplete, misleading, and false representations upon which the Plaintiffs relied to their detriment.  The Plaintiffs also allege that Aldon is in violation of the Illinois Land Sales Registration Act because it did not properly register in Illinois to sell real estate located in Indiana.

The Court finds that the Plaintiffs' claims cannot be proven with the same evidence.  The central evidence required to prove the Plaintiffs' state law claims was a showing that Aldon owed the Plaintiffs a duty or obligation and breached its commitments.  To prove duty and breach, the Plaintiffs' evidence would generally be related to the Agreements, the Restrictive Covenants, and

how and when Aldon failed to meet its obligations under the Restrictive Covenants and the Agreements. The evidence required to prove the Plaintiffs' federal claims is different for each claim asserted under the ILSFDA and does not require evidence of a duty. Instead, the Plaintiffs must show that the Act applies to the developments and transactions in question and that Aldon did not meet the ILSFDA's specific reporting, notice, or conduct requirements. The Plaintiffs could generally introduce this evidence by showing that they did not receive specific notices that Aldon was required to send them pursuant to the Act; that Aldon failed to make or improperly made required filings; and that Aldon fraudulently induced the Plaintiffs to purchase property, which requires a different showing than proving common law fraud.[2] The evidence required to prove the Plaintiffs' Illinois Land Sales Registration Act claim, which is also raised in the federal complaint, requires evidence that Aldon was deficient in its Illinois state land sales registration. This evidence too is different than the evidence required for proving the Plaintiffs' state law claims. Thus, for purposes of Indiana res judicata, the Court finds that the overlap of evidence required to prove the Plaintiffs' claims is not sufficiently complete for practical purposes and their federal claim under the ILSFDA and their claim pursuant to the Illinois Land Sales Registration Act are not barred by the decision of the Court of Appeals of Indiana.

The claims and issues that were adjudicated in the Plaintiffs' state court claims are entitled to full faith and credit recognition by this Court. Specifically, the claims for breach of contract and negligence and the issues of duty and breach, as they relate to both breach of contract and negligence, have been fully adjudicated for purposes of full faith and credit. No further litigation

---

[2]*See Paniaguas, et al. v. Aldon, et al.*, No. 2:04-cv-468, 2006 WL 2568210, at *18 (N.D. Ind. Sep. 5, 2006) (finding that "[a] plaintiff need not prove actual fraud in order to recover for violations under the Act.") (citing *Hester v. Hidden Valley Lakes, Inc.*, 495 F. Supp. 48, 53-54 (D.C. Miss. 1980) (holding that "[l]iability under [ILSFDA] does not depend upon reliance by the plaintiff on the untrue statements, nor does it require intent to deceive on the part of the defendant")).

will be permitted as to these claims and issues.  In addition, the state court's denial of the Plaintiffs' request to issue a preliminary injunction is entitled to full faith and credit.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Motion to Reconsider Court's Order of September 5, 2006, Denying Aldon's Motion for Summary Judgment, and to Grant Full Faith and Credit to the Indiana State Court of Appeals May 18, 2006 Decision and Opinion Reported at 847 N.E.2d 927 [DE 103] with the caveat that all claims and issues adjudicated in state court are recognized by this Court pursuant to full faith and credit.  The Court **DENIES AS MOOT** the Motion for Leave to Amend Answer [DE 113].

SO ORDERED this 31st day of July, 2007.

s/Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record